UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION
IN ADMIRALTY

CASE NO.

FRANCES WRAY,

    Plaintiff,

v.

MSC CRUISES S.A.,
f/k/a MSC CRUISES (USA) INC.,

    Defendant.
_____/

**COMPLAINT AND DEMAND FOR JURY TRIAL**

Plaintiff sues Defendant and alleges:

**PRELIMINARY ALLEGATIONS**

1. The Plaintiff, FRANCES WRAY, is a citizen of Florida.

2. Defendant, MSC CRUISES, S.A., ("MSC"), is a foreign corporation having its principal place of business in Florida.

3. This matter falls under the admiralty and maritime jurisdiction of this Court.

    a. The Plaintiff demands a jury trial pursuant to the Saving to Suitors Clause of 28 U.S.C. § 1333. This action is being pursued in this Court, as opposed to state court as otherwise allowed by the Saving to Suitors Clause of 28 U.S.C. §1333 because MSC CRUISES unilaterally inserts a forum clause into its cruise tickets that requires its passengers to file cruise-related suits *only in this Federal District and Division,* as opposed to any other place in the world.

4. Defendant, at all times material hereto, personally or through an agent:

- 2 -

    a. Operated, conducted, engaged in or carried on a business venture in this state and/or county or had an office or agency in this state and/or county;

    b. Was engaged in substantial activity within this state;

    c. Operated vessels in the waters of this state;

    d. Committed one or more of the acts stated in Florida Statutes §§ 48.081, 48.181 and/or 48.193;

    e. The acts of Defendant set out in this Complaint occurred in whole or in part in this county and/or state.

    f. Defendant was engaged in the business of providing to the public and to the Plaintiff in particular, for compensation, vacation cruises aboard the vessel, the MSC *Seashore*.

5. Defendant is subject to the jurisdiction of the Courts of this state.

6. The causes of action asserted in this Complaint arise under the General Maritime Law of the United States.

## ALLEGATIONS COMMON TO ALL COUNTS

7. At all times material hereto, Defendant owned, operated, managed, maintained and/or controlled the vessel, the MSC *Seashore*.

8. At all times material hereto, Defendant had exclusive custody and control of the MSC *Seashore* vessel.

9. On or about December 3, 2021, the Plaintiff was a paying passenger on Defendant's vessel, the MSC *Seashore*, which was in navigable waters.

10. On or about December 3, 2021 Plaintiff was severely injured when she slipped and fell on an unreasonably wet, slippery, slick, worn out, hazardous, and/or dangerous flooring surface while exiting an interior elevator located on the subject vessel.

11. The unreasonably wet, slippery, slick, worn out, hazardous and/or dangerous nature of the flooring surface was not open and obvious and the Plaintiff had no way of knowing the existence of the hazardous condition(s).

### COUNT I – NEGLIGENT FAILURE TO WARN AGAINST DEFENDANT

Plaintiff re-alleges, adopts and incorporates by reference the allegations in paragraphs one (1) through eleven (11) as though alleged originally herein.

12. At all times material hereto, it was the duty of Defendant to provide Plaintiff with reasonable care under the circumstances.

13. At all times material hereto, it was the duty of Defendant to warn passengers (like Plaintiff) of dangers that were known, or reasonably should have been known, to Defendant in places where passengers (like Plaintiff) are invited to or may reasonably be expected to visit.

14. On or about December 3, 2021, the Plaintiff was on an interior elevator located on the subject vessel. This is a place that Plaintiff was invited to by Defendant and a place Defendant reasonably expected Plaintiff to be in during the cruise.

15. On or about December 3, 2021, Defendant and/or its agents, servants and/or employees breached its duty to warn the Plaintiff through the following acts and/or omissions:

   a. Failure to adequately warn the Plaintiff of the unreasonably wet, slippery, slick, worn out, hazardous and/or dangerous condition of the subject flooring surface; and/or

   b. Failure to adequately warn the Plaintiff of the risks and/or dangers associated with the unreasonably wet, slippery, slick, worn out, hazardous and/or dangerous nature of the subject flooring surface; and/or

   c. Failure to adequately warn the Plaintiff of the poorly maintained subject flooring surface; and/or

- 4 -

d. Failure to adequately warn the Plaintiff of the risks and/or dangers posed to her, due to improper and/or inadequate, maintenance and/or inspection of the subject flooring surface; and/or

e. Failure to adequately warn the Plaintiff of the lack of promulgated and/or enforced policies and procedures concerning the maintenance and/or inspection of the subject flooring surface; and/or

f. Failure to adequately warn passengers and the Plaintiff of other slip and fall accidents previously occurring in same area, same deck and/or same flooring surface; and/or

g. Failure to adequately warn the Plaintiff that the subject area was being cleaned/mopped; and/or

h. Other negligent acts and/or omissions that may be revealed in discovery.

16. The above acts and/or omissions caused and/or contributed to the Plaintiff being severely injured because the Plaintiff's incident would not have occurred had Defendant and/or its agents, servants and/or employees adequately warned and/or communicated the foregoing to the Plaintiff.

17. At all times material hereto, the surface of the subject area was unreasonably wet, slippery, slick, worn out, hazardous and/or unreasonably dangerous.

18. Defendant knew of the foregoing conditions causing the Plaintiff's accident and did not correct them. Defendant's knowledge of the dangerous condition(s) was specifically acquired through (a) its cleaning and/or inspection of the subject floor and/or area prior to this incident, and/or (b) prior incidents involving passengers injured due to the wet, slippery, slick, worn out, hazardous and/or dangerous floor in the subject area on the MSC *Seashore* and/or Defendant's similar vessels using the same flooring surface. Alternatively, the foregoing conditions existed for

a sufficient length of time so that Defendant, in the exercise of reasonable care under the circumstances, should have learned of them and corrected them.

19. As a direct and proximate result of the negligence of Defendant, Plaintiff was injured about Plaintiff's body and extremities, suffered physical pain, mental anguish, loss of enjoyment of life, lost wages, disability, disfigurement, aggravation of any previously existing conditions therefrom, incurred medical expenses in the care and treatment of Plaintiff's injuries, suffered physical handicap. The injuries are permanent or continuing in nature, and Plaintiff will suffer the losses and impairments in the future. In addition, Plaintiff lost the benefit of Plaintiff's vacation, cruise, and transportation costs.

WHEREFORE, the Plaintiff demands judgment for all damages recoverable under the law against Defendant and demands trial by jury.

**COUNT II – NEGLIGENT FAILURE TO MAINTAIN AGAINST DEFENDANT**

Plaintiff re-alleges, adopts and incorporates by reference the allegations in paragraphs one (1) through eleven (11) as though alleged originally herein.

20. At all times material hereto, it was the duty of Defendant to provide Plaintiff with reasonable care under the circumstances.

21. At all times material hereto, it was the duty of Defendant to maintain the subject flooring surface on the elevator where the Plaintiff fell in a reasonably safe condition.

22. On or about December 3, 2021, Defendant and/or its agents, servants and/or employees breached its duty through the following acts and/or omissions:

   a. Failure to adequately maintain the subject flooring surface where the Plaintiff's incident occurred in a reasonably safe condition; and/or

b. Failure to adequately maintain the subject flooring surface so that it would be free of slipping hazard(s); and/or

c. Failure to adequately maintain the hand sanitizer dispensers so that it would not leak or spill to cause the subject flooring to become unreasonably wet, slippery, slick, and/or hazardous in nature and/or dangerous; and/or

d. Failure to adequately and regularly inspect/monitor the flooring surface where the Plaintiff's incident occurred to determine whether the subject flooring was unreasonably wet, slippery, slick, worn out, hazardous in nature and/or dangerous; and/or

e. Failure to adequately maintain the subject flooring surface in a clean and dry condition; and/or

f. Failure to adequately maintain the subject flooring surface with reasonable co-efficient of friction and ensure it was not unreasonably slippery, slick and/or worn out; and/or

g. Failure to adequately maintain the surface of the floor in a reasonably safe condition if/when the subject area became wet, or too slippery, including, but not limited to, closing off the subject area that was dangerously wet/slippery, and/or placing signage to warn passengers of hazardous areas; and/or

h. Failure to adequately maintain anti-slip/slip-resistance material, mats and/or anti-slip/slip-resistance tape on the subject flooring surface; and/or

i. Other negligent acts and/or omissions that may be revealed in discovery.

23. The above acts and/or omissions caused and/or contributed to the Plaintiff being severely injured because Plaintiff's incident would not have occurred but for Defendant's failure to adequately inspect and/or maintain the subject area.

24. At all times material hereto, the surface of the subject area was unreasonably wet, slippery, slick, worn out, poorly maintained, hazardous and/or unreasonably dangerous.

25. Defendant knew of the foregoing conditions causing the Plaintiff's accident and did not correct them. Defendant's knowledge of the dangerous condition(s) was specifically acquired through (a) its cleaning and/or inspection of the subject floor and/or area prior to this incident, and/or (b) prior incidents involving passengers injured due to the wet, slippery, slick, worn out, hazardous and/or dangerous floor in the subject area on the MSC *Seashore* and/or Defendant's similar vessels using the same flooring surface. Alternatively, the foregoing conditions existed for a sufficient length of time so that Defendant, in the exercise of reasonable care under the circumstances, should have learned of them and corrected them.

26. As a direct and proximate result of the negligence of Defendant, Plaintiff was injured about Plaintiff's body and extremities, suffered physical pain, mental anguish, loss of enjoyment of life, lost wages, disability, disfigurement, aggravation of any previously existing conditions therefrom, incurred medical expenses in the care and treatment of Plaintiff's injuries, and suffered physical handicap. The injuries are permanent or continuing in nature, and Plaintiff will suffer the losses and impairments in the future. In addition, Plaintiff lost the benefit of Plaintiff's vacation, cruise, and transportation costs. Further, the injuries resulting from her fall are permanent or continuing in nature and Plaintiff will suffer these losses and impairments into the future.

WHEREFORE, the Plaintiff demands judgment for all damages recoverable under the law against Defendant and demands trial by jury.

## COUNT III – GENERAL NEGLIGENCE AGAINST DEFENDANT

Plaintiff re-alleges, adopts and incorporates by reference the allegations in paragraphs one (1) through eleven (11) as though alleged originally herein.

27. At all times material hereto, it was the duty of Defendant to provide Plaintiff with reasonable care under the circumstances.

28. On or about December 3, 2021, Defendant and/or its agents, servants and/or employees breached its duty to provide Plaintiff with reasonable care through the following acts and/or omissions:

   a. Failing to provide the Plaintiff with reasonable care under the circumstances; and/or

   b. Failing to provide the Plaintiff with a reasonably safe manner of utilizing the subject elevator; and/or

   c. Failing to ensure the subject flooring surface was free of wet, slippery, slick, worn out, hazardous and/or dangerous conditions; and/or

   d. Failing to adequately and regularly monitor the subject area to maintain it free of wet, slippery, slick, worn out, hazardous and/or dangerous conditions; and/or

   e. Failing to identify and correct the wet, slippery, slick, worn out, hazardous and/or dangerous conditions on the subject flooring surface; and/or

   f. Failing to regularly and adequately clean the subject area; and/or

   g. Failing to close off and/or place warning signs/cones on or around the wet, slippery, slick, hazardous and/or dangerous areas of the subject flooring surface; and/or

   h. Failing to close off and/or place warning signs/cones on or around the areas that were worn out and lacked proper co-efficient of friction; and/or

   i. Failing to promulgate and/or enforce adequate policies and procedures to ensure that the subject area is adequately and regularly inspected, monitored, cleaned and maintained free of wet, slippery, slick, worn out, hazardous and/or dangerous conditions; and/or

j. Failing to promulgate and/or enforce adequate policies and procedures aimed at warning passengers, and Plaintiff in particular, of unreasonably wet, slippery, slick, worn out, hazardous and/or dangerous conditions of the subject flooring surface; and/or

k. Failing to promulgate and/or enforce adequate policies and procedures to ensure that warnings signs are placed on or around wet, slippery, slick, worn out, hazardous and/or dangerous areas and/or that such wet, slippery, slick, worn out, hazardous and/or dangerous areas are closed off; and/or

l. Failing to promulgate and/or enforce adequate policies and procedures aimed at maintaining the Defendant's vessel in a reasonably safe condition for passengers; and/or

m. Failing to analyze prior slip-and-fall accidents aboard Defendant's vessels occurring in the same area/deck and/or type of flooring surface so as to remedy such hazardous and dangerous conditions; and/or

n. Failing to correct hazardous and dangerous conditions following other slip and fall accidents in the same area and/or type of flooring surface; and/or

o. Failing to utilize a reasonably safe flooring surface in light of the anticipated traffic and anticipated purpose of the area; and/or

p. Failing to have a non-slip or non-skid flooring surface on the subject area where the Plaintiff's incident occurred; and/or

q. Failing to test and/or adequately evaluate the subject flooring surface, including but not limited to the coefficient of friction, in light of the anticipated traffic and anticipated purpose of the area; and/or

    r. Failure to instruct passengers and the Plaintiff concerning proper footwear when walking on the subject flooring surface and/or the subject area; and/or

    s. Other negligent acts and/or omissions that may be revealed in discovery.

29. The above acts and/or omissions caused and/or contributed to the Plaintiff being severely injured because Plaintiff's incident would not have occurred but for such acts and/or omissions.

30. At all times material hereto, the surface of the subject area was unreasonably wet, slippery, slick, worn out, hazardous and/or unreasonably dangerous.

31. Defendant knew of the foregoing conditions causing the Plaintiff's accident and did not correct them. Defendant's knowledge of the dangerous condition(s) was specifically acquired through (a) its cleaning and/or inspection of the subject floor and/or area prior to this incident, and/or (b) prior incidents involving passengers injured due to the wet, slippery, slick, worn out, hazardous and/or dangerous floor in the subject area on the MSC *Seashore* and/or Defendant's similar vessels using the same flooring surface. Alternatively, the foregoing conditions existed for a sufficient length of time so that Defendant, in the exercise of reasonable care under the circumstances, should have learned of them and corrected them.

32. As a direct and proximate result of the negligence of Defendant, Plaintiff was injured about Plaintiff's body and extremities, suffered physical pain, mental anguish, loss of enjoyment of life, disability, disfigurement, aggravation of any previously existing conditions therefrom, incurred medical expenses in the care and treatment of Plaintiff's injuries, suffered physical handicap, lost wages and Plaintiff's working ability has been impaired. The injuries are permanent or continuing in nature, and Plaintiff will suffer the losses and impairments in the future. In addition, Plaintiff lost the benefit of Plaintiff's vacation, cruise, and transportation costs. Further, the injuries

resulting from her fall are permanent or continuing in nature and Plaintiff will suffer these losses and impairments into the future.

WHEREFORE, the Plaintiff demands judgment for all damages recoverable under the law against Defendant and demands trial by jury.

Respectfully submitted,

>LIPCON, MARGULIES,
>& WINKLEMAN, P.A.
>*Attorneys for Plaintiff*
>One Biscayne Tower, Suite 1776
>2 S. Biscayne Boulevard
>Miami, Florida 33131
>Telephone: (305) 373-3016
>Facsimile: (305) 373-6204
>
>By: */s/ Gabriela Di Mauro*
>**JASON R. MARGULIES**
>Fla. Bar. No.: 57916
>jmargulies@lipcon.com
>**CAROL FINKLEHOFFE**
>Florida Bar No. 0015903
>cfinklehoffe@lipcon.com
>**GABRIELA DI MAURO**
>Florida Bar No. 1019993
>gdimauro@lipcon.com